Kaitlin S. Verdura #025802
Verdura Law Group PLLC
PO Box 45345
Phoenix, AZ 85064
(602) 421-0515 phone
(877) 257-8895 fax
*e-mail: kv@verduralaw.com*

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  vs.<br><br>Jose Raul Ahumada-Lugo,<br><br>    Defendant. | Case No. CR-26-924-1-PHX-ASB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**(Assigned to the Honorable Judge Alison S. Bachus)** |

Mr. Ahumada-Lugo intends to plead guilty to Count 2, of a two-count Information charging him with Conspiracy to Commit an Offense Against the United States, Namely, Bringing an Illegal Alien to the United States, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(A), a Class A misdemeanor offense. The plea agreement provides that sentencing may occur immediately following the change of plea hearing and without a presentence investigation. Furthermore, pursuant to the terms of the plea agreement, Mr. Ahumada-Lugo's sentence shall not exceed six (6) months in the Bureau of Prisons. However, nothing prohibits him from receiving less than six months.

Mr. Ahumada-Lugo respectfully requests that the Court impose a sentence of time-served, followed by one year of supervised release.

1

**A. <u>United States Sentencing Guidelines: Custody</u>**

Based on the information known to Mr. Ahumada-Lugo at this time, he does not appear eligible for any of the sentencing enhancements under U.S.S.G. § 2L1.1(b), and his Criminal History Category is I. Therefore, Mr. Ahumada-Lugo's Sentencing Guidelines range is as follows:

1. **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 371 is U.S.S.G. § 2X1.1. The base offense level is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The guideline for the substantive offense, Bringing an Illegal Alien to the United States, is 12. U.S.S.G. § 2L1.1(a)(3).    **<u>12</u>**

2. **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).    **<u>-2</u>**

3. **Zero Point Offender Reduction:** The defendant appears to meet the zero-point offender criteria listed under U.S.S.G. § 4C1.1(a)(1)-(11). Therefore, his offense level is reduced by two levels. U.S.S.G. § 4C1.1(a) and (b).    **<u>-2</u>**

4. **Total Offense Level:**    **<u>8</u>**

Defendant has no countable convictions resulting in zero criminal history points and a Criminal History Category I. A Total Offense Level 8, with a Criminal History Category I, results in a Sentencing Guidelines range of 0-6 months.

### B. <u>United States Sentencing Guidelines: Fines</u>

1.    **Statutory Provisions**: The maximum fine is $100,000. 18 U.S.C. § 3571(b)(5).

2.    **Special Assessment**: A special assessment of $25 is mandatory. 18 U.S.C. § 3013.

3.    **Guideline Provisions**: The fine range for this offense is from $4,000 to $40,000. USSG §5E1.2(c)(3).

### C. <u>Defendant's Sentencing Recommendation</u>

Mr. Ahumada-Lugo respectfully recommends that the Court impose a sentence of time-served followed by no more than one year of supervised release.

Mr. Ahumada-Lugo is a 30-year-old native of Mexico who has strong and meaningful ties to his family and home country. His wife and two children, ages 13 and 5, reside in Mexico, and his primary purpose in coming to the United States was to obtain employment so that he could provide financial support for his family. In Mexico, the Defendant has maintained a strong work ethic, including employment at a warehouse, and he has experience working as a forklift driver and fisherman.

His actions in this case are a source of genuine remorse, and he recognizes the seriousness of his conduct and the consequences that have resulted from it. Mr. Ahumada-Lugo does not wish to remain separated from his family or continue down a path that takes him away from his responsibilities as a husband and father. Rather, he wishes to return to his native Mexico, reunite with his wife and children, and resume lawful employment so that he can support and provide for his family. Mr. Ahumada-Lugo respectfully asks the Court to consider his age, family responsibilities, employment history, remorse, and strong ties to Mexico in assessing an appropriate sentence.

A sentence of time-served, followed by a term of supervised release, is sufficient, but not greater than necessary to achieve the goals of punishment and deterrence, as well as promote respect for the law as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted: August 9, 2026.


VERDURA LAW GROUP PLLC

*s/Kaitlin S. Verdura*
Kaitlin S. Verdura
Attorney for Defendant


Copy of the foregoing transmitted
by ECF for filing August 9, 2026, to:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Matthew Greve
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408

By: *s/Kaitlin S. Verdura*